UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
:
UNITED STATES OF AMERICA                :
:
           - v. -                :        24 Cr. 126 (JLR)
:
CHARLES STARKS,                :
:
           Defendant.        :
:
------------------------------------------------------x


# MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT OR FOR A BILL OF PARTICULARS

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York

Jerry J. Fang
Jacob R. Fiddelman
Meredith Foster
Catherine Ghosh
Sheb Swett
Assistant United States Attorneys
*- Of Counsel -*

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................. 1

**BACKGROUND** ........................................................................................................................ 1

**ARGUMENT** .............................................................................................................................. 1

I.      **The Defendant's Motion to Dismiss Should Be Denied** .................................................. 2

    A.    Applicable Law ............................................................................................................ 2

        1.    Sufficiency of an Indictment's Allegations ................................................ 2

        2.    18 U.S.C. § 666 .......................................................................................... 3

    B.    Discussion .................................................................................................................... 4

        1.    The Government Is Not Proceeding on a Gratuities Theory ......................... 4

II.     **The Defendant's Motion For a Bill of Particulars Should Be Denied** .......................... 6

    A.    Applicable Law ............................................................................................................ 6

    B.    Discussion .................................................................................................................... 8

**CONCLUSION** ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Federal Cases**

*Alston v. United States*, No. 15 Cr. 435 (CM), 2021 WL 2380064 (S.D.N.Y. 2021) .................... 7

*Hamling v. United States*, 418 U.S. 87 (1974)............................................................................. 2, 3

*Jones v. United States*, 526 U.S. 227 (1999) ................................................................................... 2

*Russell v. United States*, 369 U.S. 749 (1962) ................................................................................ 3

*United States v. Ahmad*, 992 F. Supp. 682, 683 (S.D.N.Y. 1998) ........................................... 9, 10

*United States v. Benjamin*, 95 F.4th 60, 74 (2d Cir. 2024) ............................................................. 5

*United States v. Block*, No. 16 Cr. 595 (JPO), 2017 WL 1608905 (S.D.N.Y. 2017) .................... 6

*United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) ................................................ 6, 7

*United States v. Chambers*, No. 17 Cr. 396 (WHP), 2018 WL 1726239 (S.D.N.Y. Apr. 9, 2018) .................................................................................................................................................. 8

*United States v. Coppa,* 267 F.3d 132, 145 (2d Cir. 2001) .......................................................... 10

*United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) .................................................... 6

*United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974) ......................................................... 6

*United States v. Harding*, 273 F. Supp. 2d 411, 430 (S.D.N.Y. 2003) .......................................... 9

*United States v. Horge*, No. 19 Cr. 96 (LTS), 2020 WL 6273932 (S.D.N.Y. 2020)...................... 6

*United States v. Mangini*, No. 20 Cr. 162 (JPO), 2021 WL 1268507 (S.D.N.Y. 2021) ................ 7

*United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010) .................................................................... 6

*United States v. Ming*, No. 02 Cr. 596 (LAK), 2002 WL 1949227 (S.D.N.Y. Aug. 22, 2002) .... 8

*United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) ........................................................ 7

*United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985) ................................................ 7

*United States v. Pirro*, 212 F.3d 86 (2d Cir. 2000)........................................................................ 2

*United States v. Post*, No. 08 Cr. 243 (KMK), 2013 WL 2934229 (S.D.N.Y. June 3, 2013) ........ 2

*United States v. Rose*, 19 Cr. 789 (PGG), 2021 WL 2117119 (S.D.N.Y. 2021) ........................... 6

*United States v. Shkreli*, No. 15 Cr. 637 (KAM), 2016 WL 8711065 (E.D.N.Y. Dec. 16, 2016) 10

*United States v. Shea*, No. 20 CR. 412-4 (AT), 2023 WL 4551635 (S.D.N.Y. July 14, 2023),

   *aff'd*, No. 23-6842-CR, 2024 WL 2130874 (2d Cir. May 13, 2024) .......................................... 3

*United States v. Skelos*, 2015 WL 6159326, at *13 (S.D.N.Y. 2015) ....................................... 6, 8

*United States v. Stringer*, 730 F.3d 120 (2d Cir. 2013) ................................................................ 3

*United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404-05 (1999) .................. 5

*United States v. Thompson*, No. 13 Cr. 378 (AJN), 2013 WL 6246489 (S.D.N.Y. Dec. 3, 2013). 2

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) ........................................................... 6

*United States v. Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) ............................................. 6

*United States v. Vilar*, No. 05 Cr. 621(RJS), 2008 WL 2531195 (S.D.N.Y. June 22, 2008) ....... 10

*United States v. Vilar*, 729 F.3d 62 (2d Cir. 2013) ....................................................................... 2

*United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) ............................................................... 7

*United States v. Yannotti*, 541 F.3d 112 (2d Cir. 2008) ............................................................ 2, 3

## Federal Statutes

18 U.S.C. § 1951 ............................................................................................................................ 1

18 U.S.C. § 666 .......................................................................................................................... 1, 3

## Other

Fed. R. Crim. P. 7 ........................................................................................................................... 2

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to the defendant's motion (1) to dismiss Count One of the Indictment or, in the alterative, (2) for a bill of particulars. (Dkt. No. 17 ("Def. Br.")). The defendant's motion is without merit and should be denied.

## BACKGROUND

On February 2, 2024, the defendant was charged in a criminal complaint with one count of solicitation and receipt of a bribe and one count of extortion under color of official right. (Dkt. No. 1 (the "Complaint")). On February 6, 2024, the defendant was arrested. On March 5, 2024, a grand jury sitting in this District returned Indictment 24 Cr. 126 (JLR) (Dkt. No. 8 ("Ind.")), charging the defendant with one count of solicitation and receipt of a bribe by an agent of an organization receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B) ("Count One"); and one count of extortion under color of official right, in violation of 18 U.S.C. § 1951 ("Count Two").

As alleged in Count One of the Indictment, from at least in or about 2015 through at least in or about 2022, the defendant, while an agent of the New York City Housing Authority ("NYCHA"), solicited and accepted a total of at least approximately $18,500 in bribes in exchange for arranging for certain contractors to receive no-bid contracts from NYCHA worth a total of at least approximately $130,245. (Ind. ¶ 1).

## ARGUMENT

First, the defendant moves to dismiss Count One of the Indictment on the basis that it cannot survive the Supreme Court's ruling in *Snyder v. United States*, 144 S. Ct. 1947 (2024). This argument ignores both the plain language of the Indictment—which alleges the payment of bribes, not gratuities—and relies on a misunderstanding of *Snyder*.

Second, and in the alternative, the defendant seeks a bill of particulars from the Government. Not only is this request procedurally improper, but the defense fails to explain why the requested information would be helpful, let alone necessary, to prepare for trial. Moreover, through various pre-trial disclosures, including not only the Indictment but also the Complaint and copious Rule 16 discovery, the Government has provided the defendant with ample notice of the charges against him.

I.   **The Defendant's Motion to Dismiss Should Be Denied**

    A.   **Applicable Law**

        1.   **Sufficiency of an Indictment's Allegations**

"A criminal defendant is entitled to an indictment that states the essential elements of the charge against him." *United States v. Pirro*, 212 F.3d 86, 91 (2d Cir. 2000) (citing *Jones v. United States*, 526 U.S. 227, 232 (1999); *Hamling v. United States*, 418 U.S. 87, 117 (1974); Fed. R. Crim. P. 7(c)). "A defendant faces a 'high standard' in seeking to dismiss an indictment." *United States v. Thompson*, No. 13 Cr. 378 (AJN), 2013 WL 6246489, at *6 (S.D.N.Y. Dec. 3, 2013) (quoting *United States v. Post*, 950 F. Supp. 2d 519, 527 (S.D.N.Y. 2013)).

"Pursuant to Federal Rule of Criminal Procedure 7, 'the indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . .'" *United States v. Vilar*, 729 F.3d 62, 80 (2d Cir. 2013) (quoting Rule 7(c) (alterations omitted)). To satisfy this rule, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008) (internal quotation marks omitted). "An indictment need not specify details about how the offense was committed." *United States v. Shea*, No. 20 CR. 412-4 (AT), 2023 WL 4551635, at *3 (S.D.N.Y. July 14, 2023), *aff'd*, No. 23-6842-

CR, 2024 WL 2130874 (2d Cir. May 13, 2024) (summary order). Although there are circumstances in which greater specificity is required to pass muster under Rule 7(c) and the constitutional provisions it implicates, that heightened standard is limited to "very rare cases," such as those involving refusal to answer questions before Congress, in which "specification of how a particular element of criminal charge will be met . . . is of such importance to the fairness of the proceeding that it must be spelled out in the indictment[.]" *United States v. Stringer*, 730 F.3d 120, 125-26 (2d Cir. 2013) (discussing the special case of *Russell v. United States*, 369 U.S. 749 (1962)). Otherwise, "[a]n indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *Stringer*, 730 F.3d at 124 (quoting *Hamling*, 418 U.S. at 117); *see also Yannotti*, 541 F.3d at 127.

### 2. 18 U.S.C. § 666

Count One of the Indictment charges a violation of 18 U.S.C. § 666(a)(1)(B), which provides: "Whoever . . . being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof . . . corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more . . . shall be fined under this title, imprisoned not more than 10 years, or both."

Recently, in *Snyder v. United States*, the Supreme Court addressed the scope of Section 666 and held that it extends only to the solicitation and acceptance of bribes, not gratuities. 144 S. Ct. 1947. In doing so, the Court discussed the difference between bribes versus gratuities: while

3

bribes are "payments made or agreed to before an official act in order to influence the official with respect to that future official act," "[g]ratuities are typically payments made to an official after an official act as a token of appreciation." *Id.* at 1951.  The Court further noted that, unlike gratuities, "bribery requires that the official have a corrupt state of mind and accept (or agree to accept) the payment intending to be influenced in the official act." *Id.* at 1955.

Importantly, in distinguishing between bribes and gratuities, the Court made clear that it is not the timing of the payment that distinguishes them, but instead the "timing of the agreement." *Id.* at 1959.  The Court noted that the term "rewarded" in the statute closes off any potential defense to a bribery charge based on the timing of the payment.  Specifically, the Court stated: "Consider a bribe where the agreement was made before the act but the payment was made after the act.  An official might try to defend against the bribery charge by saying that the payment was received only after the official act and therefore could not have 'influenced' the act." *Id.*  The Court continued that Congress cut off this "potential defense" by including the word "rewarded" in the statute and thus making clear that "the timing of the agreement is the key, not the timing of the payment." *Id.*

B. Discussion

1. The Government Is Not Proceeding on a Gratuities Theory

The defendant's principal argument for dismissing Count One is that the allegations in the Indictment do not clearly make out the offense of soliciting and accepting a bribe, as opposed to a gratuity. (Def. Br. 5).  Specifically, the defendant claims that while the "Indictment uses the word 'bribe,' its explication of that term in the to-wit clause makes clear that what is meant is consistent with a gratuity." (*Id.*).  This claim is meritless and ignores the plain language of the Indictment.

4

As is clear from the Indictment, including from the to-wit clause, the Government is proceeding on a bribery theory, not a gratuities theory. The "to-wit clause" alleges, in part, that Starks solicited and accepted "bribes in exchange for arranging for certain contractors to receive no-bid contracts from NYCHA." (Ind. ¶ 1). This plainly alleges bribery. Not only does the to-wit clause include the word "bribes" not gratuities, but the language "in exchange for" makes clear that the defendant accepted these bribes as part of a *quid pro quo*. *See United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404-05 (1999) ("[F]or bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act." (emphasis added)). In fact, the Second Circuit recently held just that. In *United States v. Benjamin*, the Second Circuit addressed whether the phrase "in exchange for" in the indictment in that case sufficiently alleged "an explicit *quid pro quo*" and held that it did. 95 F.4th 60, 74 (2d Cir. 2024). In doing so, the Court noted that the phrase "in exchange for" "alleged an unambiguous agreement to exchange an official public act by [the defendant] for financial contributions." *Id.*

The defendant also appears to argue that the "bribe" payments alleged in the Indictment may actually refer to gratuities because the Indictment does not specify whether these payments were made before or after the defendant's awarding of no-bid contracts. (Def. Br. 2, 7). This reflects a fundamental misunderstanding of *Snyder*. As noted above, *Snyder* held that it is not the timing of the payment that distinguishes gratuities from bribes, but instead the timing of the agreement. *Id.* at 1959. Accordingly, even if the bribe payments at issue here were not made until after the defendant awarded no-bid contracts to contractors, that alone would not convert these bribe payments into gratuities. Accordingly, because the Indictment properly alleges a violation of 18 U.S.C. § 666(a)(1)(B) based on a bribery theory, the motion to dismiss should be denied.

5

## II.     The Defendant's Motion For a Bill of Particulars Should Be Denied

### A.     Applicable Law

A bill of particulars is only appropriate to furnish facts that are necessary to apprise a defendant of the charges against him with sufficient precision to (i) enable him to prepare his defense, (ii) avoid unfair surprise at trial, and (iii) preclude a second prosecution for the same offense.  Fed. R. Crim. P. 7(f); *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *overruled on other grounds as recognized by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).  In other words, a "bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Block*, No. 16 Cr. 595 (JPO), 2017 WL 1608905, at *5 (S.D.N.Y. 2017); *accord Torres*, 901 F.3d at 234.

"Acquisition of evidentiary detail is not the function of the bill of particulars." *Torres*, 901 F.3d at 234.  Thus, "a defendant is not entitled to disclosure of the manner in which the [G]overnment will attempt to prove the charge, the precise manner in which the [G]overnment will allege the defendant committed the crimes charged, or a preview of the [G]overnment's evidence or legal theories."  *United States v. Skelos*, 2015 WL 6159326, at *13 (S.D.N.Y. 2015); *accord United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (citing *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974) ("The prosecution need not particularize all of its evidence.")).

Moreover, "the standard for granting a bill of particulars is not whether it would be helpful to [the] defense but, rather, whether it is necessary . . . ." *Block*, 2017 WL 1608905, at *6; *accord United States v. Rose*, 19 Cr. 789 (PGG), 2021 WL 2117119, at *14 (S.D.N.Y. 2021); *United States v. Horge*, No. 19 Cr. 96 (LTS), 2020 WL 6273932, at *3 (S.D.N.Y. 2020); *United States v. Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001).  Indeed, bills of particulars are generally

disfavored because they risk "confin[ing] the [G]overnment's evidence at trial to the particulars furnished." *United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985); *accord Alston v. United States*, No. 15 Cr. 435 (CM), 2021 WL 2380064, at *7 (S.D.N.Y. 2021) ("A bill of particulars is generally disfavored in federal practice; it is ordered only where the indictment (as supplemented by discovery and other disclosures) is not sufficient to provide adequate notice to a defendant.").

In assessing the need for a bill of particulars, courts consider whether the information sought by defendant, even if not in the indictment, has been provided in some acceptable alternate form, including discovery. *See Bortnovsky*, 820 F.2d at 574; *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (finding defendant adequately informed of nature of charges through discovery); *United States v. Mangini*, No. 20 Cr. 162 (JPO), 2021 WL 1268507, at *2 (S.D.N.Y. 2021) ("A bill of particulars is not necessary where the Government makes sufficient disclosures concerning its evidence and witnesses by other means, such as through a detailed indictment and discovery."). The decision to grant or deny a bill of particulars is within the sound discretion of the district court. *See United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984).

Furthermore, Local Criminal Rule 16.1 requires that the defendant confer with the Government to resolve the issue in good faith and file an affidavit so certifying. Specifically, the Rule provides that:

> No motion addressed to a bill of particulars or any discovery matter shall be heard unless counsel for the moving party files in or simultaneously with the moving papers an affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues remaining unresolved.

Local Crim R. 16.1. If a defendant has not previously requested these particulars from the

Government, the motion should not be entertained. *See United States v. Ming*, No. 02 Cr. 596 (LAK), 2002 WL 1949227, at *1 (S.D.N.Y. Aug. 22, 2002) (collecting cases).

**B.  Discussion**

*First,* the defendant did not comply with the procedural requirement to confer with the Government prior to the filing of this motion. The defendant's failure to do so necessitates dismissal. *See Ming,* 2002 WL 1949227, at * 1. The requirement to confer removes the need to involve the Court in issues that can otherwise be resolved between the parties. And, this rule exists for good reason. Since the defendant filed his motion, the Government voluntarily provided the defendant with a letter on September 27, 2024, attached as Exhibit A (the "Disclosure Letter"), with additional details regarding the dates, number, and locations of the bribe payments that it currently intends to prove at trial. The defendant's premature motion thus could have potentially been avoided had the defendant complied with this clear and commonsensical procedural rule. The defendant has not provided any explanation for his failure to abide by this Rule.

*Second*, even setting aside the defendant's failure to comply with this procedural requirement, the defendant's motion should be denied on the merits. Here, Count One of the Indictment provides sufficient detail to inform the defendant of the crime with which he is charged. Count One tracks "the statutory language of § 666 and informs [the defendant] of the approximate time period and location of the offense." *United States v. Chambers*, No. 17 Cr. 396 (WHP), 2018 WL 1726239, at *1 (S.D.N.Y. Apr. 9, 2018). It also identifies the bribes that the defendant is charged with taking, including the total dollar amount of those bribes. While the Indictment does not identify the precise manner in which he is alleged to have committed this crime, such detail is not required. *See Skelos*, 2015 WL 6159326, at *13.

The Indictment is also far from the only pre-trial disclosure that the Government has made

or plans to make concerning its evidence and witnesses. The Government filed the Complaint against the defendant, which provides additional detail concerning the defendant's commission of the crime, including his receipt of bribes from two contractors in exchange for no-bid contracts. (Dkt. 1). The Government has also produced to the defendant copious discovery materials, including records of the no-bid contracts for which the defendant allegedly solicited and accepted bribes, and provided the defendant with the Disclosure Letter. *See Chambers*, 2018 WL 1726239, at *2 (denying motion for bill of particulars where "the Government has already provided sufficient details of the charges in the Indictment through the criminal complaint and Rule 16 discovery"); *United States v. Harding*, 273 F. Supp. 2d 411, 430 (S.D.N.Y. 2003) (denying motion for bill of particulars where "the government provided defense counsel with detailed information identifying numerous expenditures of HDC funds that, in the government's view, were attributable to Harding's unlawful conduct," including "more than 12,000 pages of discovery materials that are indexed"); *Ahmad*, 992 F. Supp. at 683 (holding that defendant was "not entitled to a bill of particulars" in light of, among other things, "the information supplied by the government"). In addition, the Government will produce to the defense a list of trial exhibits, a witness list, and Jencks Act material reasonably in advance of trial. *See Chambers*, 2018 WL 1726239, at *2 (denying request for bill of particulars where "this Court will require production of Jencks Act material in advance of trial to apprise the defendant of the essential facts"). The defendant thus has ample notice of the charges against him.

The defendant nevertheless appears to claim that a bill of particulars is needed to clarify the timing of the bribe payments in relation to the awarding of no-bid contracts. (Def Br. 7-8). However, this argument—as previously mentioned—reflects a fundamental misreading of *Snyder*. The timing of the payments is, as the Supreme Court held in *Snyder*, not a "potential defense" to

9

a Section 666 bribery charge. 144 S. Ct. at 1959. Thus, information about the timing of these payments is not necessary to "enable preparation of a defense." *United States v. Ahmad*, 992 F. Supp. 682, 683 (S.D.N.Y. 1998). Regardless, the Government will turn over contractor witness statements, which will contain details about the timing of these payments, sufficiently in advance of trial pursuant to the Jencks Act. There will therefore be no surprise at trial as to this information.

The Court should also reject the defendant's request for "statements that contractors have made to the Government." (Def. Br. 8). Disclosure of these statements would ultimately amount to early disclosure of victim-witness statements and, therefore, the identities of the government's witnesses, which is not warranted at this time. *See United States v. Shkreli*, No. 15 Cr. 637 (KAM), 2016 WL 8711065, at *7 (E.D.N.Y. Dec. 16, 2016) (denying request for identification of statements as seeking premature disclosure of Section 3500 material); *see also United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001) ("Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements."); *United States v. Vilar*, No. 05 Cr. 621(RJS), 2008 WL 2531195, at *3 (S.D.N.Y. June 22, 2008) ("Section 3500 plainly prohibits this Court from compelling disclosure of Section 3500 material prior to the time indicated in the statute.").

Together, the Indictment and the Government's disclosures have put the defendant on ample notice of the charges against him, which is all he is entitled to at this juncture. Accordingly, the request for a bill of particulars should be denied.

## **CONCLUSION**

For the foregoing reasons, the defendant's pretrial motions should be denied.

Dated: New York, New York
September 30, 2024

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:     */s/*
Jerry J. Fang
Jacob R. Fiddelman
Meredith Foster
Catherine Ghosh
Sheb Swett
Assistant United States Attorneys
Southern District of New York
(212) 637-1114/-2584/-6522/-2310/-1024